USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
LOUISE CURATOLA,

        Appellant,        07 Civ. 8257 (WHP)

     -against-        MEMORANDUM AND ORDER

SAINT VINCENT'S CATHOLIC
MEDICAL CENTERS OF NEW YORK,

        Appellee.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Appellant Louise Curatola ("Curatola") appeals the decision of Judge Adlai S. Hardin of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") denying her motion to file a late proof of claim against Appellee St. Vincent's Catholic Medical Centers of New York ("St. Vincent's"). For the following reasons, the Bankruptcy Court's decision is affirmed.

## BACKGROUND

        Curatola claims that two St. Vincent's doctors negligently performed shoulder replacement surgery on September 8, 2004. An infection ensued, which the doctors discovered during a May 20, 2005 exam. (Appellee's Brief Appendix ("App'x"): Notice of Motion to File Late Notice of Claim dated June 18, 2007 (the "Late Claim Motion") at 47-48.[1])

        St. Vincent's filed a petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., on July 5, 2005 (the "Filing Date"). (App'x: Order

---

[1] The exhibits Appellee submitted were not individually designated. The Memorandum and Order cites to the page numbers of the Appendix to avoid confusion.

1

dated Jan. 25, 2006 (the "Jan. 25 Order" or "January 25 Order") at 40.) On January 25, 2006, the Bankruptcy Court set March 30, 2006 as the deadline for creditors to file proof of claims arising prior to the Filing Date (the "Bar Date"). (App'x: Jan. 25 Order at 40.) The Court also approved St. Vincent's' plan to provide direct mail notice to its known creditors and publication notice to "those creditors to whom no other notice was sent and who were unknown or not reasonably ascertainable by the Appellees." (App'x: Debtors' Amended Motion dated Jan. 11, 2006 at 12; see Jan. 25 Order at 40.) On June 18, 2007, Curatola, who had not previously filed a claim against St. Vincent's, sought leave to file a late proof of claim against the hospital. (App'x: Late Claim Motion at 46-52.) The Bankruptcy Court denied her motion.

## DISCUSSION

### I. Standard of Review

In reviewing bankruptcy court decisions, a district court accepts factual findings unless clearly erroneous, and reviews conclusions of law de novo. In re Enron Corp., 419 F.3d 115, 124 (2d Cir. 2005). "Bankruptcy court decisions to deny a request to file late are reviewed for abuse of discretion." Enron, 419 F.3d at 124.

### II. Notice Requirement

While all "known" creditors must be given direct notice by mail of a deadline to file a proof of claim, publication notice is generally sufficient for "unknown" creditors. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317 (1953). "[A] known creditor is one whose identity is either known or reasonably ascertainable by the debtor"—i.e., someone "can be identified through reasonably diligent efforts." DePippo v. Kmart Corp., 335 B.R. 290, 296

(S.D.N.Y. 2005) (internal quotation marks and citations omitted). "Conversely, a creditor is 'unknown' if its 'interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor].'" DePippo, 335 B.R. at 296 (quoting Mullane, 339 U.S. at 317)). While a debtor must directly notify entities identified as creditors in the debtor's records, "a debtor is not required to search elsewhere for those who might have been injured." In re U.S.H. Corp. of New York, 223 B.R. 654, 659 (S.D.N.Y. 1998).

Curatola argues she should have received direct notice of the January 25 Order because she was a known creditor as of that date. However, she could not have been a "known" creditor, because she had not yet filed a negligence claim against St. Vincent's. Accordingly, the publication notice St. Vincent's provided was sufficient, and the Bankruptcy Court did not abuse its discretion in finding inadequate notice.

III. Excusable Neglect

On appeal, Curatola presents the additional question of "whether inadequate 'notice' of the Bar Date would constitute excusable neglect sufficient to allow the filing of a late Proof of Claim." (Designation of Items to be Included in the Record on Appeal dated Sept. 5, 2007 at 2.) Since the notice St. Vincent's provided to Curatola as an unknown creditor was adequate, this question is moot.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's decision to deny Curatola's motion is affirmed. The Clerk of the Court is directed to mark the case closed.

Dated: April 10, 2008
     New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Michael Meiselman, Esq.
Meiselman & Gordon, LLP
150 Broadway, Suite 1920
New York, NY 10038
*Counsel for Appellant*

Christopher J. Updike, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
*Counsel for Appellee*